## Valley Natl. Bank v W29 534 Highline Owners LLC

2025 NY Slip Op 30062(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 850126/2024

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-----------------------------------------------------------------------------X

VALLEY NATIONAL BANK, SUCCESSOR BY MERGER
TO BANK LEUMI USA,

| | |
|---|---|
| **INDEX NO.** | 850126/2024 |
| **MOTION DATE** | 09/30/2024, |
| **MOTION SEQ. NO.** | 002 |

Plaintiff,

- v -

W29 534 HIGHLINE OWNERS LLC, RUBY GABSI, RAN
BELINKIS, CLARENDON NATIONAL INSURANCE, NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD, CAS
CONSTRUCTION INC.,MAY CONSTRUCTION GROUP
INC.,PTS GENERAL CONSTRUCTION LLC,S&F
ELECTRICAL SERVICES INC., and JOHN DOE NO. 1 To
50,

Defendants.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------------X

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 52, 53, 54, 55, 56,
57, 58, 59, 60, 61
were read on this motion to/for                JUDGMENT - DEFAULT                .

In this commercial foreclosure action, plaintiff Valley National Bank, successor by merger to Bank Leumi USA (plaintiff) moves pursuant to CPLR 3215 for an order (1) granting default judgment against defendants W29 534 Highline Owners (Borrower), Rudy Gabsi s/h/a Ruby Gabsi, Ran Belinkis (Belinkis, and together with Gabsi, Guarantors), Clarendon National Insurance, New York City Environmental Control Board, Cas Construction Incorporated s/h/a/ Cas Construction Inc., May Construction Group Inc., PTS General Construction LLC, and S&F Electrical Service, Inc. s/h/a S&F Electrical Services Inc. (collectively defendants), (2) amending the caption of this action to remove defendants "John Doe No. 1 to 50," and (3) appointing a referee to compute the amount due to plaintiff under the mortgages that are the subject of this foreclosure action (NYSCEF # 52). The motion is unopposed.

Pursuant to CPLR 3215, plaintiff may move for default judgment "[w]hen a defendant has failed to appear, plead or proceed to trial of an action" (CPLR 3215 [a]). Generally, a movant seeking default judgment must submit the following materials: (1) proof of service of the summons and complaint or summons with notice; (2) an affidavit of facts constituting the claim and the amount due; and (3) an affidavit showing the default in answering or appearing (*id.* 3215 [f]; *see also*

850126/2024  VALLEY NATIONAL BANK, SUCCESSOR BY MERGER TO BANK LEUMI USA vs.          Page 1 of 6
W29 534 HIGHLINE OWNERS LLC ET AL
Motion No.  002 003

1 of 6

*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]). As explained below, plaintiff has established its entitlement to default judgment and for the appointment of a special referee to determine the amounts owed under the loan and mortgage documents.

To start, plaintiff submits proof of service of the summons and verified complaint, a notice of pendency, and an affirmation attesting to defendants' default in answer or otherwise appearing in this action. Plaintiff commenced this foreclosure action by filing summons and verified complaint on April 15, 2024 (NYSCEF #s 1-29). That same day, plaintiff filed a Notice of Pendency regarding this action (NYSCEF # 30). Plaintiff later submitted proof that a copy of the summons and verified complaint were served upon Borrower, Guarantors, and the remaining defendants between April 25, 2204 and May 22, 2024 (NYSCEF # 55 ¶¶ 6-7; NYSCEF #s 32-33, 35-36; *see also* NYSCEF # 59).[1] Then, on June 11, 2024, plaintiff served Guarantors with an additional copy of the summons pursuant to CPLR 3215(g)(3) in a first-class, post-paid sealed envelope addressed to Guarantors (NYSCEF # 55 ¶ 8; NYSCEF #s 47, 59). Finally, upon making this motion, plaintiff submitted an affidavit of service of the notice of motion and supporting papers by first class mail and international mail on September 6, 2024 (NYSCEF # 61). To date, none of the defendants have answered the Complaint or otherwise appeared in this ation (*see* NYSCEF # 55 ¶¶ 9, 12).

Plaintiff also submits sufficient proof of facts constituting the claim against defendants. In its verified complaint, plaintiff seeks to foreclose on four mortgages encumbering the real property known as 534 West 29th Street, New York, New York 10001 (the Premises) in an aggregate amount of $13,000,000.00 (NYSCEF # 1 ¶ 8). Plaintiff asserts a cause of action for foreclosure on the mortgages, a cause of action seeking remedies under the Uniform Commercial Code, and a cause of action for breach of certain guaranties entered into by the Guarantors (*id.* ¶¶ 47-66). Plaintiff name defendants Clarendon National Insurance, Cas Construction Incorporated s/h/a/ Cas Construction Inc., New York City Environmental Control Board, May Construction Group Inc., PTS General Construction LLC, and S&F Electrical Service, Inc. s/h/a S&F Electrical Services Inc. in the event of any claims, judgments, or liens they may have on the Premises (*id.* ¶ 5).[2] Those claims are then supported by the detailed affirmation of Jennifer M. Marcus (Marcus), Senior Vice President of plaintiff (NYSCEF # 54).

---

[1] Plaintiff also filed an affidavit attesting that the subject property located at 534 West 29th Street, New York, NY 10001 is vacant (NYSCEF # 55 ¶ 6; NYSCEF # 34).

[2] Although Cas Construction Incorporated s/h/a/ Cas Construction Inc. is not included in plaintiff's list at paragraph 5 of its Complaint, it is presumably named as a defendant for the same reason as the other remaining defendants (*see generally* compl ¶¶ 5, 47-66).

**850126/2024  VALLEY NATIONAL BANK, SUCCESSOR BY MERGER TO BANK LEUMI USA vs.**          **Page 2 of 6**
**W29 534 HIGHLINE OWNERS LLC ET AL**
**Motion No.  002 003**

2 of 6

[* 2]

As set forth in the Marcus affirmation, there are four separate loans by Bank Leumi[3] to Borrower made on February 9, 2016, and March 25, 2019, as well as corresponding mortgages encumbering the Premises and any improvements, personal property, and appurtenances thereon and thereto (together with the Premises, the Property):

1) A loan in the principal sum of $8,766,373.00 (the Building Loan), as evidenced by a Building Loan Note, dated February 9, 2016 (the Building Note), and secured by a Building Loan Mortgage and Security Agreement, dated February 9, 2016 (the Building Mortgage) encumbering the Property;

2) A loan in the principal sum of $371,984.00 (the Additional Building Loan), evidenced by an Additional Building Loan Note (the Additional Building Note) and secured by an Additional Building Loan Mortgage and Security Agreement, dated March 25, 2019 (the Additional Building Mortgage) encumbering the Property;

3) A loan in the principal sum of $3,233,627.00 (the Project Loan), evidence by a Project Loan Note and secured by Project Loan Mortgage and Security Agreement, dated February 9, 2016 (the Project Mortgage) encumbering the Property; and

4) A loan in the principal sum of $628,016.00 (the Additional Project Loan), evidence by an Additional Project Note and secured by an Additional Project Loan Mortgage and Security Agreement, dated March 25, 2019 (the Additional Project Mortgage) encumbering the Property

(NYSCEF # 54 ¶¶ 6-7, 15-16, 24-25, 30-31; NYSCEF #s 4-5, 12-13, 18-19, 23-24). These loans' maturity dates were extended to July 9, 2022, by Amendment No. 9 to the Building Loan Note, dated May 9, 2022, Amendment No. 9 to the Project Loan Note, dated May 9, 2022, Amendment No. 6 to Additional Building Note, dated May 9, 2022, and Amendment No. 6 to the Additional Project Loan Note (NYSCEF # 54 ¶¶ 13, 18, 28, 33).

To further induce Bank Leumi to make these loans, Guarantors executed and delivered Guaranty of Payment, dated February 9, 2016, in which Guarantors jointly and severally, irrevocably, unconditionally, and absolutely guaranteed to Bank Leumi, and its successors and assigns, prompt performance and payment when due on an obligations of Borrower to Bank Leumi up to the "Maximum

---

[3] On April 1, 2022, Bank Leumi merged into Valley National Bank with Valley National Bank becoming the surviving entity (NYSCEF # 54 ¶¶ 23, 37). Valley National Bank is the present owner and holder of the loan documents at issue in this action (*id.* ¶¶ 23, 38).

**850126/2024 VALLEY NATIONAL BANK, SUCCESSOR BY MERGER TO BANK LEUMI USA vs.** Page 3 of 6
**W29 534 HIGHLINE OWNERS LLC ET AL**
**Motion No. 002 003**

3 of 6

Guaranteed Principal Amount" of $6,000,000.00 plus all interest thereon (NYSCEF # 54 ¶¶ 8, 26; NYSCEF # 6). Guarantors also executed additional guaranties, such as a Guaranty of Interest and Expenses, a certain Guaranty of Completion, and a Bad Acts Guaranty (*see* NYSCEF # 54 ¶¶ 9-11, 26; NYSCEF #s 7, 8, 9). Guarantors later executed Amendment No. 1 to the Guaranty of Payment, dated March 25, 2019, pursuant to which Guarantors agreed to increase the Maximum Guaranteed Principal Amount to $6,500,000, and otherwise ratified and reaffirmed the Payment Guaranty (the Payment Guaranty Amendment) (NYSCEF # 54 ¶ 19). In addition to this amendment to the Payment Guaranty, Guarantors also executed a Reaffirmation of Guaranties and Indemnification Agreement, dated March 25, 2019 (the 2019 Reaffirmation), which acknowledged amendments and/or modifications as to the amount of the Loan and the maturity date, and reaffirmed the Payment Guaranty, Interest Guaranty, Completion Guaranty, and Bad Acts Guaranty (NSYCEF # 54 ¶ 20). Later, on May 9, 2019, Guarantors executed and delivered a Reaffirmation of Guaranties and Indemnification Agreement, as well as the Payment Guaranty, Interest Guaranty, Completion Guaranty, Bad Acts Guaranty, the Payment Guaranty Amendment, the 2019 Reaffirmation, and intervening reaffirmation of guaranties and indemnification agreements (NYSCEF # 54 ¶ 34; NYSCEF # 26).

Borrower ultimately failed to pay all outstanding amounts due under the loans' various documentation (the Loan Documents) upon the maturity date of July 9, 2022 (NYSCEF # 54 ¶ 44). Guarantors likewise failed to make payment upon Borrower's maturity date pursuant to their payment guaranties (*id.* ¶ 45). Accordingly, by letters dated March 6, 2024, Valley National Bank notified Borrower and Guarantors of Borrower's event of default under the Loan Documents (the Demand Notices) (*id.* ¶¶ 46-47; NYSCEF #s 28-29). As explained in the Demand Notices, Valley National Bank had elected to exercise its right to increase the interest rate to the Default Rate of 18% under the Building Note, Additional Building Note, Project Note, and Additional Project Note (the Notes) (NYSCEF # 54 ¶¶ 46-47). Valley National Bank then demanded an aggregate amount due, as of March 6, 2024, of $11,871,768.62 in connection with the Building Loan[4] and Additional Building Loan, and $5,033,651.65 in connection with the Project Loan and Additional Project Loan[5] (*id.*).

Despite receiving the Demand Notices, Borrower and Guarantors again failed to make any payment pursuant to the Loan Documents (NYSCEF # 54 ¶ 48). Marcus also affirms that, pursuant ot Section 6.6(a) of the Building Mortgage, Additional Building Mortgage, Project Mortgage, and Additional Project Mortgage, Borrower was obligated to pay all real estate taxes, yet they have failed to do so since January 1, 2022 (*id.* ¶¶ 49-50). As a result, Marcus concludes, Borrowers are

---

[4] The outstanding principal amount for these loans at the time of the Demand Notices was $9,107,609.22 (NYSCEF # 54 ¶ 46).

[5] The outstanding principal amount for these loans at the time of the Demand Notices was $3,861,643.00 (NYSCEF # 54 ¶ 47)

**850126/2024   VALLEY NATIONAL BANK, SUCCESSOR BY MERGER TO BANK LEUMI USA vs.**          **Page 4 of 6**
**W29 534 HIGHLINE OWNERS LLC ET AL**
**Motion No.  002 003**

4 of 6

[* 4]

now indebted to Valley National Bank in the aggregate amount of $12,969,252.22, together with accrued and unpaid interest, default interest, late charges, prepayment consideration, escrow advances, actual or contingent amounts arising out of the Building Loan Agreement and Guaranty of Completion, and such other costs and expenses set forth in the Loan Documents (the Outstanding Debt) (*id.* ¶ 51).

Based on the foregoing, plaintiff has sufficiently demonstrated facts constituting their claim that Borrower and Guarantor defaulted on their obligations under the Loan Documents through their failure to pay the Outstanding Debt (*see Woodson*, 100 NY2d at 71 [without the benefit of discovery, the affidavit need only allege enough facts to enable a court to determine that a viable cause of action exists]). And when considering this showing in conjunction with the proof of service of the summons and verified complaint, as well as plaintiff's affirmation attesting to defendants' default in answering or otherwise appearing, plaintiff has sufficiently demonstrated its entitlement to default judgment as to liability on its claims for foreclosure and breach of the guaranties.

Accordingly, it is hereby,

ORDERED that plaintiff's motion for default judgment is granted and default judgment in favor of plaintiff and against defendants is granted as to all of plaintiff's claims; and it is further

ORDERED that the issue of the amount due and owing, including principal, interest, and other fees and debts set forth in the Loan Documents is severed and referred to a Special Referee to hear and report with recommendations; and it is further

ORDERED that counsel for plaintiff shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with a completed Information Sheet, upon the Special Referee Clerk in the General Clerk's Office (Room 119), who is directed to place this matter on the calendar of the Special Referee's part; and it is further

ORDERED that such service upon the Special Referee Clerk shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERDED that plaintiff's motion to amend the caption is granted, and the caption shall be amended by (1) deleting "Ruby Gabsi" and inserting "Rudy Gabsi," (2) deleting "Cas Construction Inc." and inserting "Cas Construction Incorporated," (3) deleting "S&F Electrical Services Inc." and inserting "S&F Electrical Service,

850126/2024   VALLEY NATIONAL BANK, SUCCESSOR BY MERGER TO BANK LEUMI USA vs.          Page 5 of 6
W29 534 HIGHLINE OWNERS LLC ET AL
Motion No.  002 003

5 of 6

Inc," and (4) deleting John Doe No. 1 to 50 without prejudice to the proceedings heretofore had herein as to "John Doe No. 1 to 50" only; and it is further

ORDERED that the amended caption to this action shall read as follows:

------------------------------------------------------------------- X

VALLEY NATIONAL BANK, successor by merger to
Bank Leumi USA,

Plaintiff,

-against-

W29 534 HIGHLINE OWNERS LLC, RUDY GABSI,
RAN BELINKIS, CLARENDON NATIONAL                    Index No. 850126/2024
INSURANCE, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, CAS CONSTRUCTION
INCORPORATED, MAY CONSTRUCTION GROUP
INC., PTS GENERAL CONSTRUCTION LLC,
and S&F ELECTRICAL SERVICE, INC.,

Defendants.

------------------------------------------------------------------- X

and it is further

ORDERED that plaintiff shall serve a copy of this order with notice of entry on the General Clerk's Office and the County Clerk, who are directed to mark the court records to reflect the amendment in the caption; and it is further

ORDERED that, within 20 days of the e-filing of this order, a copy of this Decision and Order, together with Notice of Entry, shall be served upon defendants by plaintiff's counsel via NYSCEF and by overnight mail, return receipt requested, with proof of service e-filed on NYSCEF.

| 1/07/2025 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **MARGARET A. CHAN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**850126/2024 VALLEY NATIONAL BANK, SUCCESSOR BY MERGER TO BANK LEUMI USA vs.**        **Page 6 of 6**
**W29 534 HIGHLINE OWNERS LLC ET AL**
**Motion No. 002 003**

6 of 6

[* 6]